# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEX PEYKOFF, §<br>*Plaintiff*, §<br> §<br>v. §<br> §<br> §<br>CHARRISSA CAWLEY AND CBCG, §<br>LLC D/B/A GAME CHANGER §<br>PUBLISHING, §<br>*Defendants*. §<br> § | | CASE NO: 23-404<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Alex Peykoff files this Complaint against Defendants Charrissa Cawley and CBCG, LLC d/b/a Game Changer Publishing.

### PARTIES

1. Alex Peykoff. ("Peykoff" or "Plaintiff") is a California citizen and California resident.

2. Charrissa Cawley ("Cawley") is a Texas citizen and Texas resident who resides in Tarrant County. She can be served at 1109 Wylie Thompson Cove, Fort Worth, Texas 76179.

3. CBCG, LLC d/b/a Game Changer Publishing ("Game Changer") is a Delaware limited liability company doing business in the state of Texas. Game Changers members are all citizens of Texas. Game Changer can be served through its registered agent, Jeffrey Cawley, at 1109 Wylie Thompson CV, Fort Worth, Texas 76179.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and this action is between citizens of different states.

5. This Court has personal jurisdiction over Defendants because Cawley

1

resides in Texas and Game Changer's principal place of business is in Texas.

6. Venue is proper in this District because both Defendants reside in this District.

### Factual Allegations

7. Plaintiff Peykoff and Defendants agreed to partner together to host a multi-day entrepreneurial event called the Satisfied Life Mastermind & Movement (the "Satisfied Life") in Punta Mita, Mexico.

8. Plaintiff Peykoff and Defendants all expressed an intent to be partners in the joint enterprise, agreed to share all profits from the Satisfied Life event, and jointly participated in control of the business.

9. Pursuant to that partnership agreement, Mr. Peykoff provided significant funding, client contacts, and his valuable business reputation in support of the business, believing—based on Defendant Cawley's representations—that the Satisfied Life event would be successful and profitable.

10. Based on Defendant Cawley's representations, Mr. Peykoff agreed to fund and participate in the partnership on the understanding that any profits, as well as any losses, would be split between the partners.

11. It was only on this understanding and representation that Mr. Peykoff agreed to participate and front the cost of the Satisfied Life event in Mexico.

12. Unfortunately, despite Defendant Cawley's representations, the Satisfied Life event was not successful and no profit was earned.

13. Instead, Mr. Peykoff and Defendants' partnership ended up losing approximately $216,000 on the project—losses that Mr. Peykoff understood the partners would be responsible for splitting under their partnership arrangement and agreement to share of profits and losses.

14. Defendants, however, have failed to reimburse Mr. Peykoff to account for

their share of the incurred losses.

15. Further, after the failed event in Mexico, Defendant Cawley sent false statements to Satisfied-Life clients indicating that Mr. Peykoff was stepping aside from the Satisfied Life Mastermind venture, but that Ms. Cawley would continue serving those clients with future entrepreneurial events and trainings.

16. This correspondence was neither accurate nor truthful, either with respect to Mr. Peykoff's role in the Satisfied Life business or Mr. Peykoff's ability to continue providing entrepreneurial services in the future.

17. To the contrary, the correspondence falsely suggested that only Defendants would continue to provide such services and training in the future under the new brand name "The One Mastermind."

18. In addition, Defendants changed important Satisfied Life branding on key social media platforms without Mr. Peykoff's permission or consent, creating a situation where clients and potential clients would be driven to Defendants' services to the exclusion of Mr. Peykoff and the Satisfied Life venture.

## Causes of Action

### Claim #1: Breach of Partnership Agreement

19. The preceding paragraphs are incorporated by reference for this cause of action.

20. A partnership agreement between the parties exists because the actions of the parties—as detailed above—indicate that there was a mutual intention between Peykoff and Defendants to be partners in the Satisfied Life event, share in all profits, and jointly participate in control of the business.

21. Plaintiff Peykoff performed under the agreement by advancing funds to cover costs associated with the Satisfied Life project and providing client contacts who attended the event.

22. Under Texas Business Organization Code § 152.203, Plaintiff Peykoff made these payments or advances in the proper conduct of the business of the partnership, and thus is entitled to be repaid and receive interest from the date of each payment or advance.

23. Defendants breached the partnership agreement by failing to reimburse Plaintiff Peykoff for the payments or advances he made for the Satisfied-Life partnership.

24. As a result of Defendants' breach, Plaintiff has sustained damages of at least $108,0000 (exclusive of interest), representing the amount owed to Plaintiff for the payments or advances he made for the business of the partnership.

25. Plaintiff seeks to recover these actual damages as well as reasonable attorneys' fees and costs. See TEX. CIV. PRAC. & REM. CODE § 38.001. Plaintiff has presented his claim through written demand for the amounts owed by Defendants.

### Claim #2: Breach of Fiduciary Duty

26. The preceding paragraphs are incorporated by reference for this cause of action.

27. As partners Plaintiff Peykoff and Defendants owed a fiduciary duty to each other.

28. As his business partner, Defendants owed Plaintiff Peykoff duties of loyalty, fairness, honesty, and utmost good faith on matters pertaining to the joint enterprise, the Satisfied Life.

29. Further, Defendants owed Plaintiff a duty to refrain from competition with the partnership.

30. Defendants breached their fiduciary duties honesty and fairness by, among other things, not reimbursing Plaintiff for payments or advances he made on behalf of the partnership.

31. Further, Defendants breached their duties of loyalty, good faith, and to refrain from competition with the partnership by, among other things, sending false

4

correspondence and taking other actions to drive Satisfied-Life clients and potential clients to Defendants' alternative services set up in the wake of the Satisfied Life event.

32. Plaintiff Peykoff sustained damages by Defendants breach of their fiduciary duties.

### Claim #3: Tortious Interference with Business Relationships

33. The preceding paragraphs are incorporated by reference for this cause of action.

34. Plaintiff Peykoff had existing contracts and business relationships with clients associated with the Satisfied Life event and community.

35. Defendants willfully and intentionally made false representations to those clients about Mr. Peykoff and Satisfied Life's future.

36. Defendants' actions proximately caused Plaintiff Peykoff damage.

37. As a result of these actions, Plaintiff has sustained actual damages and/or losses.

### Claim #4: Business Disparagement

38. The preceding paragraphs are incorporated by reference for this cause of action.

39. Defendant Cawley published disparaging words about Plaintiff's economic interests—as explained in the facts above—to Plaintiff's client and potential clients.

40. Defendant Cawley's disparaging words were false.

41. Defendant Cawley published the words with malice and without privilege.

42. Defendant Cawley's publication caused Plaintiff Peykoff to suffer special damages.

### Claim #5: Negligent Misrepresentations

43. The preceding paragraphs are incorporated by reference for this cause of

action.

44. Defendant Cawley made false representations to Plaintiff Peykoff in the course of her partnership with Plaintiff Peykoff related to the Satisfied Life event.

45. Defendant Cawley also made false representations to Satisfied Life clients about Mr. Peykoff in the course of her business dealings after the event.

46. Defendant Cawley failed to exercise reasonable care in disseminating the false information to Mr. Peykoff and the Satisfied Life clients.

47. As a result of Defendant's false representations, Plaintiff Peykoff suffered financial loss due to his justifiable reliance on defendant's representations.

## JURY DEMAND

48. Plaintiff demands a trial by jury and is tendering the appropriate fee with this filing.

## PRAYER FOR RELIEF

In light of the foregoing, Plaintiff respectfully request:

a. an award of actual damages reimbursing Plaintiff for Defendants' share of amounts lost by Plaintiff on the Satisfied Life event;

b. an award of actual damages for Plaintiff's financial losses suffered from Defendants' breach of their fiduciary duties;

c. an award of actual damages for Plaintiff's financial losses suffered from Defendant's tortious interference with Plaintiff's existing business relationships;

d. an award of special damages for Plaintiff's financial losses suffered from Defendant's disparaging words about Plaintifff's economic interest;

e. an award of actual damages for Plaintiff's financial losses suffered in reliance on Defendant's false representations;

d. reasonable and necessary attorneys' fees and costs incurred in bringing this action;

e. pre- and postjudgment interest and costs of suit; and/or

f.   all other relief in law or in equity to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**TERRAZAS PLLC**

*/s/ Brandon Crisp*
Brandon L. Crisp
State Bar No. 24054491
1001 S. Capital of Texas Hwy.
Bldg. L, Suite 250
Austin, Texas 78746
(979) 574-6953
bcrisp@terrazaspllc.com

**BENTON WILLIAMS PLLC**
Benton Williams II
Texas Bar No. 24070854
100 Crescent Court, Suite 700
Dallas, Texas 75201
(214) 785-6205
Benton.williams@bentonwilliamspllc.com

*Attorneys for Plaintiff Alex Peykoff*