IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEX PEYKOFF AND SATISFIED LIFE FOUNDATION, INC., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:23-CV-00404 |
| CHARRISSA CAWLEY and CBCG, LLC D/B/A GAME CHANGER PUBLISHING | § § § § | |
| Defendants. | § § | |

## JOINT REPORT FOR CONTENTS OF SCHEDULING ORDER

Plaintiff Alex Peykoff and Defendants Charrissa Cawley and CBCG, LLC d/b/a Game Changer Publishing submit this Joint Report For Contents of Scheduling Order ("Joint Report") in accordance with FED. R. CIV. P. 26(f)(1) and the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order ("Order"). (ECF No. 10).

### I.  PRELIMINARY STATEMENT

Counsel for the parties attended the conference on June 7, 2023 pursuant to FED. R. CIV. P. 26(f)(1) and this Court's Order. (ECF No. 10). Brandon L. Crisp, lead attorney for Plaintiff Alex Peykoff ("Plaintiff" or "Peykoff") and Warren V. Norred, lead attorney for Defendants Charrissa Cawley and CBCG, LLC d/b/a Game Changer Publishing (collectively referred to as "Defendants") both attended the conference.

The Joint Report provided below outlines the positions of Plaintiff and Defendants (collectively "the Parties") on each item enumerated in the Court's Order and provides the information required by FED. R. CIV. P. 26(f)(2)-(3).

## II.     CONTENTS REQUIRED BY COURT'S ORDER (ECF NO. 10)

1. **A brief statement of the claims and defenses**.

<u>Plaintiffs' Claims</u>:  Plaintiff Alex Peykoff and Defendant Charrissa Cawley partnered together to host an entrepreneurial event called the Satisfied Life Mastermind. Mr. Peykoff advanced significant funding to the partnership to put on the Mastermind.  The event was not financially successful, and the partnership lost $216,000, all of which was paid by Mr. Peykoff.

Plaintiffs claim that Mr. Peykoff and Ms. Cawley were partners in the Satisfied Life Mastermind and, under Texas law, Mr. Peykoff is entitled to be repaid and receive interest for the advances he made to the partnership when he paid the expenses associated with the Satisfied Life Mastermind event.  Defendants, however, have failed to reimburse Mr. Peykoff for their share of the losses and thus have breached the parties' partnership agreement.

After the failed event, Defendant Cawley sent false statements to clients and potential clients of the Satisfied Life Mastermind indicating Mr. Peykoff was stepping down from the partnership, that he could no longer assist them, and they Defendants would continue serving those clients.  This correspondence was neither accurate nor truthful.  As such, Plaintiffs' claim Defendants have made negligent misrepresentations, breached their fiduciary duty, tortiously interference with Plaintiffs' business relationships, and disparaged Plaintiffs' business and economic interests.

Plaintiffs direct the Court to their First Amended Complaint for more details on the above statement.

<u>Defendant's Defenses</u>: Plaintiff's Foundation hired Defendant Cawley to assist with an event for his non-profit organization. Plaintiff did not hire her directly. The Foundation did not follow her advice and the event met with poor results. The parties did not form a partnership and Cawley is not responsible for lost profits. The statements which Peykoff claims was defamatory was approved by Peykoff.

Plaintiff has no standing to claim damages, as Defendant's work was for the foundation, and not Peykoff himself. Additionally, Plaintiff failed to allege facts to support his claims, which should be dismissed; at the least, the Complaint should be rewritten to provide a more definite statement, and Plaintiff's foundation joined.

If the case is not dismissed, Cawley expects to file counterclaims for breach against the Foundation, and fraud against Peykoff, who misrepresented his financial conditions, which led to Cawley's damage in lost income of $30k and reputational damages.

2. **A proposed time limit to file motions for leave to join other parties.**

The Parties propose that all motions for leave to join other parties shall be filed on or before July 26, 2023 (four weeks after Joint Report filed).

**3.     A proposed time limit to amend the pleadings.**

The Parties propose that all amended pleadings shall be filed on or before July 26, 2023 (four weeks after Joint Report filed).

**4.     Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days).**

The Parties propose that all motions, including dispositive motions, shall be filed on or before January 15, 2024 (120 days before trial).

**5.     A proposed time limit for initial designation of experts.**

The Parties propose that initial designations of experts shall be filed and served by all parties asserting claims for relief on or before October 16, 2023 (three months before motion deadline).

**6.     A proposed time limit for responsive designation of experts.**

The Parties propose that responsive designations of experts shall be filed and served by parties resisting claims for relief on or before November 16, 2023 (one month after initial expert designations).

**7.     A proposed time limit for objections to experts (i.e. Daubert and similar motions).**

The Parties propose that all objections to experts shall be filed on or before February 13, 2024 (90 days before trial).

**8.     A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

    A. The Parties propose that fact and expert discovery should be completed on or before December 15, 2023 (30 days before motion deadline).

    B. The Parties agree that the following are subjects on which discovery many be needed:

- The Parties' communications with third parties related to the Satisfied Life Mastermind;
- The Parties' communications with Satisfied-Life-Mastermind clients;
- The Parties' communications with and between each other;

- Financial information related to the Satisfied Life Mastermind—including transactions, books and records, and communications related to the same;

- Defendants' previous experience hosting Masterminds and/or similar entrepreneurial events.

    C. The parties agree that discovery should not be conducted in phases or limited at this time.

**9.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties agree that currently there is no need for limitations on discovery.

**10.   Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The Parties agree that ESI in this case will be limited, and the Parties will disclose all sources of potentially relevant ESI to all other parties in their initial disclosures. There are currently no disputes regarding the disclosure or discovery of ESI.

**11.   Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

The Parties agree to follow the Federal Rules in the handling and protection of privileged or trial preparation materials.

**12.   A proposed trial date, estimated number of days required for trial, and whether jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed).**

Proposed trial date:          May 13, 2024

Estimated length of trial:    Three days

Jury demanded:                Yes

**13.   A proposed date for further settlement negotiations.**

The Parties propose September 15, 2023 as a date for further settlement negotiations.

**14.   Objections to FED. R. CIV. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties will exchange Rule 26(a)(1) disclosures on July 28, 2023 without objection.

**15.    Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent, please submit the attached consent form).**

The parties do not consent to trial before a U.S. Magistrate Judge.

**16.    Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties propose that a mediation shall be scheduled on or before December 15, 2023 (the proposed fact and expert discovery deadline).

**17.    Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

N/A

**18.    Whether a conference with the Court is desired.**

The Parties agree that a conference with the Court is not needed at this time.

**19.    Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under FED. R. CIV. P. 16(b)-(c) and 26(c).**

N/A

Dated: June 28, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Brandon L. Crisp* | */s/ Warren V. Norred* |
| Brandon L. Crisp | Warren V. Norred |
| Texas Bar No. 24054491 | Texas Bar No. 24045094 |
| TERRAZAS PLLC | NORRED LAW PLLC |
| 1001 S. Capital of Texas Hwy. | 515 E. Border |
| Bldg. L, Suite 250 | Arlington, Texas 76010 |
| Austin, Texas 78746 | Tel. (817) 704-3984 |
| Tel. (979) 574-6953 | wnorred@norredlaw.com |
| bcrisp@terrazaspllc.com | |
| | *Attorneys for Defendants Charrissa Cawley and CBCG, LLC d/b/a Game Changer Publishing* |
| — and — | |
| Benton Williams II | |
| Texas Bar No. 24070854 | |

BW@bentonwilliamspllc.com
BENTON WILLIAMS PLLC
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:   (214) 785-6205
Facsimile:   (214) 785-6485

*Attorneys for Plaintiff Alex Peykoff*